## COOK *v.* DAVIS *et al.*

M. & T. being indebted to V. in the sum of six hundred and seventy-one dollars, plaintiff, for the accommodation of the debtors, procured E. to assume the debt and execute to V. his (E.'s) note for the amount, and to secure E. plaintiff assigned to him a note and mortgage of M. for $2,000, with an agreement that the latter should be re-transferred to plaintiff upon the payment by him to E. of the amount of his (E.'s) note to V. Subsequently, E. died, having in his hands at the time $1,400 belonging to M., and received by E. as rents and profits of a certain ditch of which he and M. were joint owners. Defendants were appointed administrators of E. and received the $1,400 as assets of deceased, and afterwards from the funds of the estate paid the six hundred and seventy-one dollar note to V. The action is brought to compel defendants to re-deliver to plaintiff the $2,000 note and mortgage, he claiming that the transaction above stated amounted to a payment by him of the debt for which they had been pledged as security : *held,* that the facts did not show a payment of E.'s note to V. by plaintiff; that they only established that there was a balance due to M. from the estate of E., and that plaintiff was not authorized in this action to avail himself of such counter claim of M. against the estate as a payment on behalf of M. & T.

APPEAL from the Ninth Judicial District.

The complaint avers :

That April 1st, 1859, one C. M. McKinney executed to plaintiff

his note for $2,000, secured by mortgage. That May 23d, 1859, McKinney and one N. A. Townsend were indebted to H. I. Van Horn in the sum of six hundred and seventy-one dollars, and they not being able to pay the same, plaintiff, to assist them, at their request and for their accommodation, procured W. H. Ellmore to assume the debt to Van Horn, and to execute to the latter (upon his releasing McKinney & Townsend) his promissory note for the amount. That to secure Ellmore, plaintiff assigned to him the $2,000 note and mortgage of McKinney, upon a written agreement that the latter note and mortgage should be redelivered to plaintiff upon his payment to Ellmore of the amount of the note executed by the latter to Van Horn. That about the first of July, 1859, plaintiff, by the hands of McKinney, paid to the personal representative of Ellmore (then deceased) the amount of the six hundred and seventy-one dollar note made by deceased to Van Horn, and thereby became entitled to the possession of the McKinney note and mortgage. That Ellmore died June 25th, 1859, and defendants are his administrators. That defendants refuse to deliver to plaintiff the McKinney note and mortgage, and under an order procured by them from the Probate Court, are about to sell the same as property belonging to the estate of their intestate. Plaintiff prays that the sale may be enjoined, and that defendants be ordered to cancel the assignment of the note and mortgage, and redeliver them to plaintiff.

The answer admits the averments of the complaint, except the allegation that plaintiff has paid the amount of the note made by Ellmore to Van Horn, which is denied.

The Court before whom the case was tried without a jury found as a fact, that before Ellmore's death he had become a joint owner and partner with McKinney in a certain water ditch, and that by an agreement between them he, Ellmore, had been for some time in the exclusive possession and receipts of the rents and profits, which latter he was by the terms of the arrangement, to apply to the payment of a debt due to him from McKinney, until it should be thus satisfied; that at the date of Ellmore's death the rents and profits so received by him amounted to some $1,400 more than enough to satisfy McKinney's debt, and that this surplus, properly

Cook v. Davis.

belonging to McKinney, had been received by defendants with the other property of the estate, as Ellmore's administrators, and had never been paid by them to McKinney; that about the first of January, 1860, defendants, as administrators, paid from moneys in their hands, belonging to the estate, the note executed by Ellmore to Van Horn for the indebtedness due the latter from McKinney & Townsend. From these facts the Court further found, that the reception by the administrators of the rents and profits belonging to McKinney, and the payment by them of the Van Horn note from the funds of the estate amounted to a payment of said note by McKinney for the plaintiff, and was equivalent to its payment by the latter, according to the agreement between him and the deceased. As a conclusion of law, the Court found that plaintiff was entitled to the relief prayed for, and entered judgment accordingly.

Defendants moved for a new trial, which was denied, and from this order and the decree they appeal.

*E. Garter*, for Appellants.

*J. D. Mix*, for Respondent.

NORTON, J. delivered the opinion of the Court—COPE, C. J. concurring.

There is no evidence to sustain the averment of the complaint, and the finding of the Court, that Cook paid to Ellmore or his personal representatives the amount of the note given by Ellmore to Van Horn. The proof at most only shows that there is a balance due from the estate of Ellmore to McKinney, equal to or more than the amount which the estate has paid for the benefit of McKinney & Townsend. McKinney & Townsend are not parties to this action, nor is there any case presented by the complaint which would authorize Cook to avail himself of the counter claim of McKinney against the estate of Ellmore as a payment in behalf of McKinney & Townsend.

The judgment must be reversed and cause remanded for a new trial.